UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:21-CR-107-KAC-JEM |
| | ) |
| FRANKLIN PARTON, JR., | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Government's oral motion to revoke Defendant Franklin Parton, Jr.'s release pending sentencing [Doc. 338], which United States District Judge Katherine A. Crytzer referred to the undersigned [Doc. 336]. *See* 28 U.S.C. § 363(b)(1)(B).[1]

I. **BACKGROUND AND PROCEDURAL HISTORY**

Defendant Parton pled guilty to the lesser included offense in Count One of the Indictment, conspiracy to distribute five grams or more of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B), before Judge Crytzer on November 18, 2022 [Doc. 266, Minutes]. Upon Defendant's motion [Doc. 264], Judge Crytzer released Defendant Parton pending sentencing [Doc. 266]. Sentencing is scheduled for April 21, 2023 [*Id.*].

On March 15, 2023, Judge Crytzer authorized a Petition for Action on Conditions of Pretrial Release [Doc. 334] and issued a warrant for Defendant's arrest. Two days later, Defendant Parton appeared before the undersigned for an initial appearance on the Petition [Doc. 338].

---

[1] A magistrate judge may submit proposed findings of fact and a recommended disposition on "applications for post[-]trial relief" in criminal cases. 28 U.S.C. § 636(b)(1)(B).

During the initial appearance, the Government moved to revoke Defendant Parton's release and to detain him under 18 U.S.C. §§ 3143 and 3148 [*Id.*].[2] Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney John Stanford Young III represented Defendant Parton, who was also present.

In support of the oral motion, AUSA Svolto asserted that this is a rebuttable presumption case and, early in the case, the Government did not seek detention because it agreed that Defendant's medical condition placed him in an unusually vulnerable position. After pleading guilty to an offense that requires mandatory detention, she further noted that the Government again agreed to Defendant's release after being provided documentation of Defendant's medical issues. AUSA Svolto asserted that a colostomy procedure scheduled for March 21, 2023, was contemplated "from the get-go,"[3] and she surmised about why he was only now having the surgery.

AUSA Svolto stated that the Government has no reason to doubt that Defendant suffers from a medical condition, but she argued that his medical condition "does not hold him back," and that the prison system is equipped to handle Defendant's medical condition. Specifically, she asserted that Defendant Parton's medical condition did not stop him from using marijuana on multiple occasions, nor from fleeing law enforcement officers and taking them on a high-speed chase throughout West Knoxville. She recognized that Defendant Parton turned himself in

---

[2] Later in the hearing, in discussing the undersigned's jurisdiction to dispose of the Government's motion for revocation, the Government asserted that § 3148 does not govern here because Defendant was released under § 3145 via § 3143. For reasons discussed below, the undersigned finds that § 3148 governs the issue before the Court.

[3] At his initial appearance on August 23, 2021, Defendant waived his detention hearing, reserving the right to request a detention hearing at a later date [Doc. 9]. In a September 8, 2021 motion seeking pretrial release, prior defense counsel stated, "[a]t the time of this filing, [Defendant] has several [medical] appointments and is scheduled to be fitted with a colostomy bag" [Doc. 57 p. 2]. At the detention hearing on September 15, 2021, the parties agreed Defendant could be released on conditions [Doc. 60, Minutes].

following that incident, but she guessed that doing so put him in control of the situation and precluded officers from learning about what may have been in Defendant's vehicle.

Without objection, AUSA Svolto introduced three exhibits: (1) the Petition for Action on Conditions of Pretrial Release; (2) an Affidavit of Complaint, which outlines the details of law enforcement's contact with Defendant on March 5, 2023; and (3) text messaging between Defendant and his supervising officer with the United States Probation Office ("USPO") beginning at 10:42 p.m., on March 5, 2023. With respect Exhibit 2, the Government noted Defendant's conduct resulted in several state charges, including evading arrest and reckless driving, and a citation was not issued because the charge of evading arrest by vehicle is a felony offense. Further, she asserted there is no doubt it was Defendant who fled because he provided law enforcement his identification prior to fleeing. According to the Government, the affidavit provides probable cause to believe that Defendant committed a felony while on release. AUSA Svolto also noted that the encounter with law enforcement on March 5 occurred at 7:47 p.m. and that approximately three hours later, Defendant texted his supervising offer with his monthly report. In that report, he stated he had not been questioned by law enforcement or arrested. This, she argued, shows deception by Defendant.

AUSA Svolto asserted that Defendant does not heed the Court's terms, which is concerning, especially at this stage of the proceeding when he is facing at least five years of imprisonment and the bottom of his Guidelines range is 84 months of imprisonment. Defendant's continued release, she argued, presents a danger to the community as well as to himself and presents a risk of Defendant's flight. She also noted Defendant's troubling criminal history in support of her argument that he presents a danger to the community.

3

Attorney Young took issue with some of the information set forth in the Petition, but he acknowledged the new charges filed against Defendant. As to those charges, he noted that Defendant turned himself in. He also took issue with the affidavit as showing probable cause in and of itself because in state court, he asserted, there must be a hearing to show probable cause. Yet, he acknowledged that Defendant is named in the charges and did in fact violate his conditions of release. He also did not dispute that the charge of evading arrest or flight by vehicle is a felony offense under Tennessee law.

Defense counsel also recognized that Defendant did not immediately notify his supervising officer of the charges, but when contacted by his supervising officer, he attempted to return the telephone call and reported to the USPO when asked to do so. Although, the Government asserted that he appeared at the USPO on the date of the initial appearance for an appointment, not to turn himself in. Attorney Young also noted Defendant's testing positive for marijuana use on October 21, 2021, as set forth in the Petition, was likely residual presence from use before being arrested in this case.

Defense counsel spent much of the hearing discussing Defendant's serious health issues, which predate the charges in this case, namely, Crohn's disease and colitis. Defendant was scheduled for preoperative appointment on March 17, 2023, the date of the initial appearance, for placement of a colostomy bag on March 21, 2023, but he missed that appointment due to his appearance in Court. His counsel expressed concern for Defendant Parton's medical condition and for Defendant maintaining continuity of care. To that end, Attorney Young requested that Defendant be placed on home detention with monitoring so that he could continue his treatment. He alternatively requested a medical furlough if the Court were to place Defendant in custody.

At the conclusion of the initial appearance and hearing on the Government's motion, pursuant to 18 U.S.C. §§ 3142(d)(A)(ii) and 3148(b),[4] the Court ordered Defendant temporarily detained pending further proceedings and ruling on the Government's motion for revocation and detention [Docs. 338 & 341].[5] The Court directed Defendant to file a written motion for medical furlough that included the specific dates and times for when a furlough would be needed as well as information related to Defendant's proposed custodian.[6]

## II. ANALYSIS

Title 18, United States Code, Section 3143 governs release or detention of a defendant pending sentence. It provides that the "judicial officer shall order a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142" detained pending sentencing unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

---

[4] As set forth herein, the undersigned finds that Defendant Parton is, and was at the time of the alleged March 5, 2023 offense outlined in the Petition, on release pending imposition of sentence and that Defendant Parton is a danger to the community.

[5] The undersigned questioned her jurisdiction to dispose of the Government's motion to revoke and detain Defendant Parton. The Government's position was that Judge Crytzer should probably decide any revocation and detention. Defendant agreed that Judge Crytzer should decide the ultimate issue. Following the initial appearance and hearing, Judge Crytzer referred the Government's oral motion to revoke Defendant's pretrial release and order that he be detained to the undersigned for report and recommendation [Doc. 336].

[6] Defendant filed a Motion for Medical Furlough While in Custody Pending Sentencing [Doc. 335]. Due to the nature of the request for medical furlough, the Court has issued separate rulings on his request, permitting Defendant's temporary release for the rescheduled pre-operative appointment and for surgery to place the colostomy bag [*See* Docs. 341, 344].

5

> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

Here, Defendant pleaded guilty and was convicted of conspiracy to distribute five grams or more of methamphetamine, a Schedule II controlled substance, in violation of 18 U.S.C. § 846, 841(a)(1) and 841(b)(1)(B). This is an offense described in § 3142(f)(1)(C) because it is an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act [*See* Doc. 258 ¶ 1]. Detention is therefore mandatory. Yet, prior to changing his plea to guilty, Defendant moved the Court to remain on pretrial release pending sentencing [Doc. 264], and the Government did not seek detention. Judge Crytzer granted the motion [Doc. 266], and Defendant remained on the same conditions of his pretrial release pending sentencing [Doc. 61].

If a person is released under § 3142[7] and violates a condition of release, he "is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). Upon the Government's motion for revocation and after a hearing, the Court shall revoke the defendant's release and detain the defendant, if it finds (1) either probable cause to believe the defendant has committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release and (2) either that "there is no condition or combination of conditions of release that will assure the person will not flee or

---

[7] It is unclear from the present record whether Judge Crytzer released Defendant under § 3143 or § 3145, but during the hearing, the Government asserted that Judge Crytzer released Defendant Parton pending sentencing under § 3145. Regardless, each statute allows a person's release expressly under the terms of § 3142. *See* 18 U.S.C. §§ 3143(a)(2) and 3145(c) (referring back to § 3143, which in turn provides for release under § 3142).

6

pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

Here, the Court finds probable cause to believe that, while on release pending sentencing, Defendant committed the state-law crimes of Evading Arrest-Vehicle; Reckless Driving; Registration Law; and Speeding. According to the Affidavit of Complaint, on March 5, 2023, at 7:46 p.m., at North Cedar Bluff Road, law enforcement conducted a traffic stop on a white Nissan Altima for a suspended vehicle plate. Upon making contact with the driver, Defendant Parton, law enforcement identified the driver by his Tennessee driver's license and vehicle registration. Law enforcement advised Defendant Parton that he could smell the odor of marijuana coming from the vehicle and requested that Defendant Parton exit the vehicle. At that time, Defendant placed the vehicle into gear and fled on I-40 West with officers pursuing. Defendant Parton then exited I-40 onto Lovell Road South and proceeded to Parkside Drive. He turned East onto Parkside Drive and traveled at a high rate of speed with disregard for other motorists. He turned onto Mabry Hood Road and then North on I-140, where he turned onto I-40 West. Officers pursued Defendant Parton with lights and sirens activated until the pursuit was terminated at I-40 West and Lovell Road. Based on this conduct, Defendant Parton was charged with Evading Arrest Flight – Vehicle, Registration Law, Reckless Driving, and Speeding. For purposes of the Government's motion, the Court finds the Affidavit of Complaint is sufficient to show probable cause to believe that Defendant Parton committed state crimes while on release. 18 U.S.C. § 3148(b)(1)(A).

Both parties agree that Defendant is charged with felony Evading Arrest-Vehicle under Tennessee law, Tenn. Code Ann. § 39-16-603 [Exh. 2]. Given that and based upon the information presented in the Affidavit of Complaint, the Court finds there is probable cause to believe that Defendant Parton has committed a state felony. Therefore, a "rebuttable presumption arises that

no condition or combination of conditions will assure that [Defendant Parton] will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

The Court further finds that there is clear and convincing evidence that Defendant Parton has violated a condition of release, namely the condition that he report as soon as possible to his supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops [*See* Doc. 61 ¶ 7(r)]. 18 U.S.C. § 3148(b)(1)(B). Approximately three hours after his interaction with law enforcement on March 5, 2023, Defendant Parton communicated with his supervising officer. In that communication, Defendant Parton informed his supervising officer that he had not had any contact with law enforcement [Exh. 3]. Moreover, at least once while on pretrial release, Defendant tested presumptively positive for marijuana, and the sample was sent to the lab and was confirmed positive [Exh. 1; *see* Doc. 61¶ 7(m) (requiring that Defendant not use a controlled substance without a valid prescription)]. This constitutes clear and convincing evidence that Defendant Parton used a narcotic drug or other controlled substance in violation of his conditions of release. 18 U.S.C. § 3148(b)(1)(B).

That leads to the Court to assess whether Defendant Parton is unlikely to abide by any condition or combination of conditions of release and whether, based upon the factors set forth in § 3142(g), there is no condition or combination of conditions of release that will assure that Defendant Parton will not flee or pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). Either finding would trigger revocation of Defendant's release pending sentencing.

The Court finds that it is unlikely Defendant Parton will abide by any condition or combination of conditions of release pending sentencing. While on pretrial release, Defendant tested positive for marijuana use and provided a diluted drug screen. Defendant was reprimanded

for his marijuana use, yet when he was stopped by law enforcement on March 5, the officer detected the odor of marijuana coming from the vehicle. Moreover, Defendant did not report his encounter with law enforcement to his supervising officer despite communicating with her only hours after the traffic stop. He specifically marked "no" in response to the question, "Have you been questioned by law enforcement or arrested since the last Supervision Report?" [Exh. 3]. The Court recognizes, however, that Defendant Parton tried to return his supervising offer's call after she attempted to contact him on March 14, 2021, and was unsuccessful, and that Defendant reported to meet with his supervising officer on March 17, 2023. Even so, the Court has little confidence that Defendant Parton would abide by conditions of release pending his sentencing. Moreover, the presumption that no conditions will alleviate Defendant's danger to the community applies in this case.

But there is more. Defendant's alleged conduct on March 5 shows that Defendant is willing to engage in conduct that is dangerous to himself and to the community. 18 U.S.C. § 3148(b)(2)(A). As described above, after the officer informed Defendant Parton he could smell marijuana coming from Defendant's vehicle and asked him to step out of the vehicle, Defendant allegedly placed the vehicle in gear and fled with officers in pursuit with lights and sirens activated. In addition, Defendant's drug use presents a danger to the community. *United States v. Hernandez*, No. 1:02–CR–006, 2002 WL 1377911, at *2 (E.D. Tenn. Feb. 27, 2002) (observing that drug trafficking is inherently dangerous). The Court also notes Defendant's criminal history, which is outlined in the Presentence Investigation Report [Doc. 333, SEALED], is extensive and concerning. Accordingly, an analysis of § 3148(b) readily reveals that Defendant Parton should be detained pending his sentencing hearing.

9

Finally, Defendant asks the Court to consider his need for medical care and, especially, surgery for placement of a colostomy bag. The Court finds, however, that Defendant is able to have this surgery while on a medical furlough [*See* Doc. 344]. The Court also finds that Defendant has not shown that he cannot get needed medical care while in custody.[8]

## III. CONCLUSION

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the District Judge **GRANT** the Government's oral motion for revocation of pretrial release and **REVOKE** Defendant's release pending sentencing.

The undersigned **FURTHER RECOMMENDS** that the District Judge **ORDER** that Defendant be remanded to the custody of the United States Marshal to await further proceedings and committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal; that Defendant be afforded a reasonable opportunity for private consultations with defense counsel; and that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

---

[8] For all the reasons discussed herein, the Court would also find that any further release pending sentencing under § 3145 would be inappropriate. *See United States v. Williams*, No. 20-1413, 2020 WL 4000854, at *1 (6th Cir. July 15, 2020) ("A defendant subject to detention under § 3143 may also be released if he satisfies the conditions of § 3143(a)(1) and clearly establishes "exceptional reasons why [his] detention would not be appropriate." (citing 18 U.S.C. § 3145(c)); *see also* 18 U.S.C. § 3142(a)(1) (providing for release only if the "judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)").

Due to the need to determine this issue promptly, any objections to this report and recommendation must be served and filed on or before **March 28, 2023**.[9] Any response to objections must be filed on or before **April 4, 2023**. If either party deems no objection or response necessary, it shall file a notice of same as soon as possible and no later than the deadline for objection or response.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[9] Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time waives the right to appeal the district court's order). The District Judge need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).