UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:21-CR-107-KAC-JEM-1 |
| | ) |
| FRANKLIN D. PARTON, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION, DENYING APPEAL, AND REFERRING ANY NEW MOTION FOR MEDICAL FURLOUGH

This criminal case is before the Court on (1) the Report and Recommendation ("Report") issued by United States Magistrate Jill E. McCook [Doc. 346] and (2) Defendant's "Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing" [Doc. 351], which the Court construes as (A) an appeal of Judge McCook's "Order of Temporary Release on Conditions for Medical Furlough" [Doc. 344] and (B) a new request for medical furlough. With no objection from either relevant Party, the Court **ACCEPTS** and **ADOPTS** the Report [Doc. 346]. *See* 28 U.S.C. § 636(b)(1)(C). The Court further **DENIES** Defendant's "Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing" [Doc. 351] in **PART** and **REFERS** Defendant's new request for medical furlough to the magistrate judge assigned to this case for that judge's consideration and determination or report and recommendation, as may be appropriate. *See* Fed. R. Crim. P. 59(a), 28 U.S.C. § 636(b).

### I. Procedural Background

On August 18, 2021, the Grand Jury charged Defendant with conspiring to distribute and

possess with the intent to distribute a quantity of a mixture and substance containing fifty (50) grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 3 at 1]. At his initial appearance and arraignment, Defendant waived his right to a detention hearing and reserved the right to request a detention hearing at a later date [*See* Doc. 9]. The Court ordered that Defendant be detained [Doc. 10]. Defendant thereafter filed a "Motion for Pretrial Release," [Doc. 57], asserting that he "has major health issues," including Crohn's Disease, "has several Doctors appointments pending, and "is scheduled to be fitted with a colostomy bag," [*id.* at 2]. The United States did not object to Defendant's Motion. On September 15, 2021, the Court held a detention hearing and released Defendant on conditions [*See* Docs. 60, 61].

On November 18, 2022, Defendant pled guilty to conspiring to distribute five (5) grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) [*See* Docs. 258 at 1; 266]. At Defendant's change of plea hearing, the Court considered Defendant's "Motion . . . to Remain on Pretrial Release Pending Sentencing" [Doc. 264]. Defendant asserted that (1) he did not "pos[e] any threat or flight" or "pos[e] any danger to the safety of any other person or the community" and that (2) "exceptional reasons," namely, his "medical condition," "course of treatment," and "several upcoming medical appointments" would make detention inappropriate [*See* Doc. 258 at 2]. Neither the United States nor the United States Probation Office objected to Defendant's request. At the hearing, the Court expressed serious concern over Defendant's abuse of marijuana while on pretrial release. Defendant had tested positive for marijuana in October 2021, submitted a diluted tested in December 2021, and again tested positive for marijuana on August 2, 2022 [*See* Doc. 334 at 2].

2

However, in a close determination, the Court concluded that (1) Defendant's medical conditions and upcoming medical treatment presented "exceptional reasons" that detention was not necessary and (2) Defendant established, by clear and convincing evidence, that he was not likely to flee and did not pose a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3145(c). Accordingly, after warning Defendant of the ramifications of any further misconduct, the Court permitted Defendant to remain released on conditions pending sentencing [*See* Doc. 266].

However, Defendant did not heed the Court's warning. On March 15, 2023, the Court issued a warrant for Defendant's arrest following the United States Probation Office's "Petition for Action on Conditions of Pretrial Release" [Doc. 334]. The Petition provided that "[d]uring a routine records check," the Probation Office discovered that Defendant incurred charges for (1) evading arrest—vehicle, (2) reckless driving, (3) registration law, and (4) speeding in Knox County, Tennessee [*Id.* at 2]. According to the Affidavit of Complaint, law enforcement conducted a traffic stop of a vehicle that Defendant drove on or about March 5, 2023 [*Id.*]. Law enforcement informed Defendant that the officer "could smell the odor of marijuana coming from the vehicle" [*Id.*]. When the officer requested that Defendant exit the vehicle, Defendant "allegedly placed the vehicle in gear," "fled onto Interstate 40" in West Knoxville, exited the highway, "traveled at a high rate of speed disregarding other motorists on the road," and then re-entered I-40 with "[o]fficers continu[ing] their pursuit" "with lights and sirens activated" until "the pursuit was terminated" [*Id.*]. On March 13, 2023, Defendant was arrested and posted bond [*Id.*]. He failed to report this significant interaction with law enforcement to his Probation Officer [*Id.*].

On March 17, 2023, Judge McCook held Defendant's initial appearance on the Petition [Doc. 338]. At the hearing, the United States made an oral motion to revoke Defendant's release,

3

and Judge McCook heard evidence and argument from both Parties [*See id.*]. The Court referred the United States's oral motion to Judge McCook for her report and recommendation [Docs. 336]. At the conclusion of the initial appearance, Judge McCook ordered that Defendant be temporarily detained under 18 U.S.C. § 3142(d) "until the matter of Defendant's revocation is resolved" [Doc. 340]. That same day, Defendant filed a "Motion for Medical Furlough While in Custody Pending Sentencing," [Doc. 335], requesting that the Court permit him to be released on medical furlough for a pre-scheduled surgery, post-operative treatment, an April 11, 2023 intravenous infusion, and "follow up treatment as needed," [*see id.* at 3].

After two (2) hearings, Judge McCook's March 20, 2023 "Order of Temporary Release on Conditions for Medical Furlough" [Doc. 344] permitted Defendant to be released on a medical furlough "to have surgery for placement of a stoma and colostomy bag" and "to remain [at the hospital] for subsequent monitoring and care following his surgery," [*id.* at 1, 3]. Judge McCook's Order denied Defendant's "request for subsequent furloughs for intravenous infusions and post-operative treatment" [*Id.* at 3].

On March 21, 2023, Judge McCook issued the Report [Doc. 346], recommending that the Court grant the United States's oral motion to revoke Defendant's release and order that he be detained. Both the United States and Defendant filed a notice of no objections to the Report [*See* Docs. 354; 356]. But Defendant also filed a "Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing" [Doc. 351]. In that Motion, Defendant requests that the Court (1) "reconsider allowing [Defendant] to continue on a medical furlough" or (2) permit "a continued medical furlough and release for the next 30 days or until sentencing" so that Defendant can "obtain proper

4

post-operative medical care and attention in a non-jail environment," "avoid needless infections," "get adjusted to his ostomy and become familiar with how to change his appliance," "receive [a] 2-hour Remicade I.V. infusion on April 11, 2023," and receive general "follow up treatment as needed" [*Id.* at 1-3]. The United States opposed Defendant's request [*See* Doc. 355].

II.  Analysis

  A.  The Court Accepts and Adopts the Report and Recommendation.

As Judge McCook ably analyzed in the Report [*See* Doc. 346], there is probable cause to believe that Defendant committed a state felony while on release. *See* 18 U.S.C. § 3148(b)(2). And given Defendant's conduct on pretrial release, there is no condition or combination of conditions that would assure that Defendant would not flee or pose a danger to the safety of any other person or the community. *See id.* Judge McCook correctly concluded that Defendant's conduct on March 5, 2023 was "dangerous to himself and to the community" [Doc. 346 at 7]. Accordingly, after reviewing the record, the Court **ACCEPTS** and **ADOPTS** Judge McCook's Report [Doc. 346] under 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(3).

  B.  The Court Denies Defendant's Appeal of Judge McCook's Order.

To the extent Defendant's "Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing" [Doc. 351] appeals Judge McCook's March 20, 2023 Order, Defendant has failed to show any legal or factual error. A district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a). A factual finding is "clearly erroneous" when the district court "is left with the definite and firm conviction that mistake has been committed." *Chesnut v. United States*,

5

15 F.4th 436, 451 (6th Cir. 2021) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). And a legal conclusion is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Stewart*, No. 16-20681, 2017 WL 1275284, at *1 (E.D. Mich. Apr. 5, 2017).

Judge McCook's Order is neither contrary to law nor clearly erroneous. Defendant has not identified—let alone showed—any particular error in the Order. *See* 28 U.S.C. § 636(b)(1)(A). Having received evidence and heard argument on an extended medical furlough, Judge McCook properly concluded that Defendant did not present "another compelling reason" to "permit the temporary release." *See* 18 U.S.C. § 3142(i). There is no evidence that Judge McCook relied on clearly erroneous factual findings in making this determination. The Order is not contrary to law or clearly erroneous. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Crim. P. 59(a). Accordingly, to the extent that Defendant's Motion is intended to be an appeal of Judge McCook's March 20, 2023 Order, the Court **DENIES** Defendant's "Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing" [Doc. 351] in **PART**.

### C. The Court Refers Any New Motion for a Medical Furlough to the Magistrate Judge for Consideration.

To the extent Defendant intends to file a new motion for medical furlough now that the undersigned has ordered Defendant detained in the underlying action, the Court **REFERS** that portion of Defendant's "Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing" [Doc. 351] to the magistrate judge assigned to this case for the judge's consideration and determination or report and recommendation, as may be appropriate. *See* 28 U.S.C. § 636(b).

### III. Conclusion

Accordingly, the Court **ACCEPTS** and **ADOPTS** the "Report and Recommendation" [Doc. 346], **REVOKES** Defendant's order of release, and **ORDERS** that Defendant be remanded to the custody of the Attorney General. The Court further **DENIES** Defendant's "Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing" [Doc. 351] in **PART** and **REFERS** Defendant's new request for medical furlough to the magistrate judge assigned to this case for the judge's consideration and determination or report and recommendation, as may be appropriate. *See* 28 U.S.C. § 636(b).

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge