UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-107-KAC-DCP |
| | ) | |
| FRANKLIN PARTON, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Defendant Franklin Parton's Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing [Doc. 351], which was referred in part to a United States Magistrate Judge[1] on March 29, 2023 [Doc. 358 pp. 1, 6]. *See* 28 U.S.C. § 363(b)(1)(B).[2] While temporarily detained pending a ruling on a petition to revoke his conditions of release, Defendant Parton was released on a medical furlough to have surgery to place a stoma and colostomy bag [*See* Docs. 344 & 358 p. 4]. Upon discharge from the hospital, Defendant returned to custody pursuant to the terms of his medical furlough [*See* Doc. 344 p. 3]. Defendant now asks for release on a medical furlough pending his April 21, 2023 sentencing hearing in order to "obtain proper post-operative care and

---

[1] United States Magistrate Judge Jill E. McCook recused from this case on March 31, 2023 [Doc. 360], and the case was reassigned to the undersigned on that same day [Doc. 361].

[2] A magistrate judge may submit proposed findings of fact and a recommended disposition on "applications for post[-]trial relief" by criminal defendants. 28 U.S.C. § 363(b)(1)(B). Here, Defendant Parton entered a plea of guilty before United States District Judge Katherine A. Crytzer on November 18, 2022 [Doc. 266, Minutes]. At the conclusion of the change of plea hearing, Judge Crytzer permitted Defendant to remain on conditions of release pending sentencing [*Id.*]. On March 21, 2023, Judge Crytzer revoked Defendant's conditional release and remanded him into custody pending further proceedings [Doc. 358 p. 7]. Thus, Defendant is detained pursuant to Judge Crytzer's order.

attention in a non-jail environment;" avoid infection; adjust to and learn to change his colostomy bag; receive an intravenous infusion of medication on April 11, 2023; and attend post-surgery appointments [Doc. 351 pp. 1–3]. While on release, Defendant proposes residing with a third-party custodian [*Id.* at 3].[3] The Government opposes his release, arguing that Defendant is a danger to the community and a flight risk and that he can receive medical care while in custody [Doc. 355 pp. 2–3].

While the undersigned sympathizes with Defendant's chronic medical issues, the Court finds that Defendant has not shown clear evidence of a compelling reason for his release pending his sentencing hearing. Additionally, the Court has previously determined [Doc. 358] and the undersigned continues to find that Defendant has failed to carry his burden of showing that he is not a danger or flight risk, if released. Accordingly, for the reasons discussed herein, the undersigned recommends that the Defendant remain detained pending his sentencing hearing.

I.   ANALYSIS

Defendant Parton is detained pending his sentencing hearing, following the revocation of his conditions of release [Doc. 358 p. 7]. The Court may permit the temporary release of a defendant in custody if it determines the release is "necessary for preparation of the person's defense or another compelling reason." 18 U.S.C. § 3142(i). Section 3142(i) "applies to Defendant even though he has pled guilty and is thus pending sentencing rather than trial." *United States v. Kennedy*, 449 F. Supp. 3d 713, 717 (E.D. Mich. 2020). The Bail Reform Act does not define a "compelling reason" for purposes of § 3142(i), nor has our appellate court interpreted that term. *Id.* at 718. However, "[c]ourts have typically granted relief under § 3142(i) only sparingly

---

[3]   Although not specified in the motion, the Court believes the proposed third-party custodian is the mother of Defendant's girlfriend Dejahnette Smith.

to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Shelton*, No. 3:19-CR-14, 2020 WL 1815941, at *3 (W.D. Ky. Apr. 9, 2020) (internal quotation omitted). Courts have declined to release a defendant pursuant to § 3142(i) when the health concerns are speculative. *United States v. Hanson*, No. 3:22-CR-00076, 2022 WL 1813585, *8 (N.D. Ohio May 3, 2022) (declining a furlough when defendant did not have a personal heightened risk of contracting Covid-19 or that the detention facility was not prepared to care for individuals infected with the virus), *adopting report and recommendation* 2022 WL 1803337 (N.D. Ohio June 2, 2022); *United States v. Ford*, 455 F. Supp. 3d 512, 520 (S.D. Ohio 2020) ("The mere possibility of contracting COVID-19 does not equate to a compelling enough reason to justify [temporary] release" under § 3142(i).). A defendant seeking release under § 3142(i) "bears the burden of establishing circumstances warranting temporary release." *Hanson*, 2022 WL 1813585, at *7. With these principles in mind, the Court turns to the circumstances of this case.

The parties appeared on April 5, 2023, for a hearing on Defendant's renewed request for a medical furlough. Assistant United States Attorney Anne-Marie Svolto appeared on behalf of the Government. Attorney John Stanford Young, III, represented Defendant Parton, who was also present.

At the hearing, Mr. Young stated that Defendant's surgeon has recommended that he recover at home, rather than in a jail, for a period of thirty days [*See* Doc. 351-1, Note from Dr. Gregory Midis]. Mr. Young stated that Defendant is detained at the Blount County Jail, which is across the street from a hospital, and that the nurse at the jail has provided Defendant care and assisted with his colostomy bag following his discharge after surgery. He acknowledged that Defendant has not had an infection while detained at the jail following his discharge from the

hospital.  Mr. Young stated that the Marshals Service has overseen Defendant's medical care since he was taken into custody.  Defense counsel candidly related that the motion for medical furlough was filed before Defendant's discharge from the hospital and that he might not have filed the same motion given the current circumstances.  However, he stated that he was still asking for a medical furlough because Defendant could get an infection between now and sentencing, particularly if the April 21 sentencing hearing was delayed, and because the nurse was not at the jail fulltime.

AUSA Svolto stated that the Government still opposes a furlough.  She reviewed Defendant's prior dangerous conduct in leading police on a highspeed chase through the community, after an officer stated he smelled the odor of marijuana in Defendant's car, which conduct formed the basis for the revocation of Defendant's release on conditions.  AUSA Svolto stated that Defendant's chronic medical condition is being managed while he is in custody and that the Marshals Service and the jail staff are providing the necessary care for his recovery from surgery.  She argued that Defendant has failed to show release is necessary and that Defendant remains a flight risk, as well as a danger.

The Court finds Defendant has failed to show a "compelling reason" for a medical furlough pending his sentencing hearing.  The Court has already determined and continues to find that Defendant Parton is a danger to the community [Doc. 343 pp. 6–10; Doc. 358 p. 5].  The Court also finds that Defendant has received needed medical care and assistance with his colostomy bag while in custody.  Defendant did not raise any problems with his medical care, stated he had not had an infection since his release, and acknowledged his concerns regarding infection and an extended stay in the local jail were speculative at this point.  Accordingly, the Court finds Defendant has not demonstrated an actual basis, much less a compelling reason, for a medical furlough.

## II. CONCLUSION

In summary, the Court finds Defendant Parton has failed to show a compelling reason for a new medical furlough. For the reasons stated herein, the undersigned respectfully **RECOMMENDS** the Defendant remain detained pending his sentencing hearing and that his Motion to Reconsider Allowing the Defendant to Remain on Medical Furlough for the Next 30 Days or in the Alternative Pending Sentencing [Doc. 351] be denied.

Due to the need to determine this issue promptly, any objections to this report and recommendation must be served and filed on or before **April 12, 2023**.[4] Any response to objections must be filed on or before **April 14, 2023**. If either party deems no objection or response is necessary, it shall file a notice of same as soon as possible and no later than the deadline for objection or response.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[4] Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time waives the right to appeal the district court's order). The District Judge need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).